Tuuley, J.
delivered the opinion of the court.
This is an action upon an apprentice bond, and the objection thereto is that the bond is more extensive in its requirements upon the master than is warranted by the act of 1762, ch. 5, under the provisions of which it was taken.
It is not to be questioned that things are required in this case, upon the part of the master, which are not specified in the statute; and upon this objection, the circuit judge charged the jury, “that though the bond *180 was not a statutory bond, that it was nevertheless a good voluntary bond, and that the defendant was bound by its provisions, and if it had been forfeited, that the defendant was liable for whatever damages the plaintiff had sustained thereby.”
We think this charge is strictly correct. It is true the statute specifies what things the justices of the county court shall require, upon bond, before it apprentices an orphan to a master; and these things must be provided for by the bond; but there is no restriction upon the court to ask for more; and if the master covenants for more, there is no reason in law why he may not do so; and make himself responsible upon his covenant.
This is not like the case referred to in 2 Hump., 500, Polk, Gov. vs. Plummer; in that case, the law had provided for the appointment of officers in the bank of the State of Tennessee, and specified what liabilities should be provided for against them; it was then held that more than was specified in the statute, should not be required in the bond; but this is a case of public officers, and therefore very different from those creating liabilities of private individuals, in favor of private individuals ; and not subject to the same rules of construction.
The question upon apprentice bonds, as now presented in this case, has been before the supreme court of North Carolina, and has been adjudged in the same way as we now adjudge it, 2 Dev. and B., 476, where it was held, that if a master covenant to give an apprentice, at the expiration of his apprenticeship, a horse worth fifty dollars, he shall do so, though it be not required by the act of 1762, or pay the value thereof.
We therefore affirm the judgment of the court below.